## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**EDIBLE ARRANGEMENTS, LLC,** a
Connecticut limited liability company,
and **EDIBLE ARRANGEMENTS
INTERNATIONAL, LLC,** a Delaware
limited liability company,

Case No.

Hon.

*Plaintiffs,*

**v.**

**PROVIDE COMMERCE, INC., a
Delaware corporation**,

February 28, 2014

*Defendants.*

# COMPLAINT AND DEMAND
# FOR JURY TRIAL

Plaintiffs, Edible Arrangements, LLC and Edible Arrangements International, LLC, by their attorneys, Williams, Walsh & O'Connor, LLC, as and for its Complaint against Defendant Provide Commerce, Inc. ("Provide Commerce") alleges as follows:

## I.    NATURE OF THE ACTION

1.    This is an action for trademark infringement arising under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.*

## II.    THE PARTIES

2.    Plaintiff Edible Arrangements, LLC is a limited liability company organized under the laws of the State of Connecticut with its principal place of business at 95 Barnes Road, Wallingford, Connecticut 06492.

3.    Plaintiff Edible Arrangements International, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 95 Barnes Road, Wallingford, Connecticut 06492.

4.    On information and belief, Defendant Provide Commerce, Inc. ("Provide") is a corporation organized under the laws of the State of Delaware with its principal place of business at 4840 Eastgate Mall, San Diego, California 92121.

### III.   JURISDICTION

5.      This Court has jurisdiction over this action under 15 U.S.C. § 1121 (trademark), 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338(a)(original jurisdiction under Trademark Laws of the United States) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq*.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

7.      On information and belief, this Court has personal jurisdiction over Provide Commerce for at least the following reasons:  (1) Provide Commerce has committed acts of trademark infringement in this district, causing injury to Edible Arrangements in this state and district; and (2) upon information and belief, Provide Commerce regularly transacts business and has purposely targeted its activities in this district, including the advertising and sale of the products at issue through retailers and the Internet to Connecticut residents.

### IV.   FACTUAL BACKGROUND

**A.      EA And Its Trademark Rights**

8.      Edible Arrangements International, LLC is a leader in artfully designed and arranged fresh fruit products.

9.      Edible Arrangements, LLC owns multiple United States registrations for EDIBLE ARRANGEMENTS and EDIBLE ARRANGEMENTS and DESIGN,

for use in connection with its sculpted fruit arrangements and other fruit products, including the following (hereinafter "the Edible Arrangements Marks"):

| | |
|---|---|
|  | U.S. Reg. No. 3844161 – Registered September 7, 2010 |
| **EDIBLE ARRANGEMENTS** | U.S. Reg. No. 3844160 – Registered September 7, 2010 |
|  | U.S. Reg. No. 3141566 – Registered September 12, 2006 |
| EDIBLE ARRANGEMENTS | U.S. Reg. No. 2934715 – Registered March 22, 2005 |
| EDIBLE ARRANGEMENTS | U.S. Reg. No. 2356362 – Registered June 6, 2000 |

10.    Edible Arrangements LLC has licensed the Edible Arrangements Marks to Edible Arrangements International, LLC for use and sublicensing through Edible Arrangements International, LLC's franchising program.   Plaintiffs Edible

Arrangements LLC and Edible Arrangements International, LLC will hereinafter be collectively referred to as "EA".

11.    Through over 1000 company-owned and franchised stores throughout the United States, as well as in many other countries, EA and its franchisees offer arrangements of fresh fruit sculpted into the shapes of flowers and arranged in containers that mimic floral bouquets.  EA also offers gourmet chocolate-dipped fruit, fruit salads, and other fruit-based products, including beverages.   These goods will hereinafter be collectively referred to as "the Edible Arrangements Goods."

12.    In addition to its brick and mortar stores, EA promotes and sells its products via the Internet at its website www.ediblearrangements.com.

13.    Continuously, since at least 1998, EA and its franchisees have extensively used the Edible Arrangements Marks to advertise, market and sell the Edible Arrangements Goods.

14.    Since it began using the Edible Arrangements Marks in 1998, EA has spent millions of dollars promoting its products under the Edible Arrangements Marks through various media, including the Internet, interior and exterior signage, nationally circulated print, radio and television advertising and promotional materials, product packaging, and delivery vehicles.

15.     As a result of such continuous and extensive sales, advertising and promotion of the Edible Arrangements Marks by EA and its franchisees in connection with its goods, the Edible Arrangements Marks have become exceptionally well known among the relevant public and trade as signifying the artful, high quality Edible Arrangements Goods emanating exclusively from EA and its franchisees.

16.     Through EA's continuous use and extensive advertising of its goods, the Edible Arrangements Marks have become famous.  As a result, the Edible Arrangements Marks enjoy recognition in the United States and worldwide as an indicator of the source of the Edible Arrangements Goods.  As consumers have come to associate goods sold under the Edible Arrangements Marks with artful, fresh, high quality products, the Edible Arrangements Marks also symbolize the business goodwill and reputation of EA and are an intangible asset of substantial commercial value.

**B.     Provide Commerce And Its Unauthorized Use Of EA's Marks**

17.     Provide Commerce is an online retailer that sells flowers, plants and gift baskets under multiple brands, including ProFlowers, Shari's Berries, and Cherry Moon Farms via the websites www.proflowers.com, www.berries.com, and www.cherrymoonfarms.com, respectively.  At these sites, Provide Commerce sells

fresh and chocolate-dipped fruit, the same type of goods covered by the Edible Arrangements Marks and sold by EA and its franchisees.

18.    Google Inc. ("Google") operates the world's largest internet search engine, which consumers access by visiting www.google.com.   Through the Google site, one can search for a particular company, product or service, or for a type of company product or service, by entering a query using keywords (or search terms).   Google then generates a results list based upon the keywords.   Google's results list includes links to websites, ordered in descending relevance to the keywords entered.

19.    The results screen also includes context-based advertising, triggered by the keywords entered.   Through the Google Adwords program, a retailer selects keywords that it expects a consumer might enter in a search query when looking for the types of goods or services that the retailer offers, including either broad categories or exact words or phrases.   When those keywords are entered, the retailer's advertisement and a link to its website appears on the searcher's results page, in the right margin or above or below the results list.   Advertisers pay Google each time an Internet user clicks on the link to the advertiser's website.[1]

---

[1] As explained by Google on its site, the cost to the advertiser and priority of ad placement is based upon an automated auction system:  "We set cost-per-click prices via an automated auction system. As an advertiser, you get to specify the maximum amount (max CPC bid) you're willing to pay for each prospective customer that visits your website by clicking on your ad. This bid then determines

20.     Upon information and belief, just prior to the Valentine's Day holiday in February 2010, Provide Commerce selected EA's EDIBLE ARRANGEMENTS trademark as a keyword that would trigger advertisements of its ProFlowers, Shari's Berries, and Cherry Moon Farms brands.  Additionally, Provide Commerce inserted EA's EDIBLE ARRANGEMENTS mark, and the confusingly similar mark EDIBLE FRUIT ARRANGEMENTS, in the body of its Google advertisements as a description of the goods offered, with the deliberate intention of directing consumers and business away from EA.

21.     EA confronted Provide Commerce and demanded that it cease and desist in its infringement of EA's trademark rights.  Provide Commerce denied committing trademark infringement.  However, after EA again confronted Provide Commerce with the advertisements indisputably showing use of the EA mark, Provide Commerce admitted using EDIBLE ARRANGEMENTS in its Google Ad content, claiming that it was "temporary" and due to an "inadvertent" search query setting.

22.     Provide Commerce further advised that it had disabled the setting in its Google Adwords account, removing EA's protected trademarks from its ad

---

how high up on the search results page your ad appears, which eventually determines how often people notice and click on your ad."  *See* http://www.google.com/adwords/how-it-works/costs.html?sourceid=awha&subid=us-en-ha-aw-bkup0~38759221685

content.  After EA was informed that Provide Commerce had, in fact, taken steps to remove the infringing content from its ads, EA closed the matter.

23.    In or about February 2014, however, EA learned that Provide Commerce has apparently again selected EA's EDIBLE ARRANGEMENTS mark as a keyword and resumed its use of the confusingly similar mark EDIBLE FRUIT ARRANGEMENTS in its Google Ad content, for products sold under Provide Commerce's ProFlowers and Shari's Berries brands.  Provide Commerce also uses EDIBLE FRUIT ARRANGEMENTS in the content of ads displayed through the www.bing.com search engine.  So, when a consumer enters the EA trademark EDIBLE ARRANGEMENTS as a search term, Provide Commerce's ProFlowers and/or Shari's Berries infringing ads and links to the related websites appear on the results page.  See, for example, the Provide Commerce ad that populated on February 24, 2014 when "edible arrangements" was used as a search query at www.google.com:



8

24.    EA has not consented to or acquiesced in Provide Commerce's use of EA's EDIBLE ARRANGEMENTS mark, or the confusingly similar mark EDIBLE FRUIT ARRANGEMENTS (hereinafter "the Infringing Marks"), in this manner.

25.    In fact, upon learning that Provide Commerce resumed its infringing activities, on February 6, 2014, EA sent Provide Commerce a demand that it immediately cease and desist in its unlawful conduct.   In response, Provide Commerce admitted to the deliberate use of the confusingly similar EDIBLE FRUIT ARRANGEMENTS mark in its advertising content, but refused to discontinue such use.

26.    EA's use of the Edible Arrangements Marks has been continuous and exclusive since long prior to Provide Commerce's first use of the Infringing Marks. EA's Edible Arrangements Marks also became famous long prior to Provide Commerce's first use of the Infringing Marks.

27.    Through its unauthorized use of the Infringing Marks, Provide Commerce intended to and has directed consumers and business away from EA. Provide Commerce also has and continues to dilute the distinctiveness of the Edible Arrangements Marks.

28.    Provide Commerce's pattern of infringing conduct and repeated, blatant disregard for EA's trademark rights, establishes that Provide Commerce's

9

use of the Infringing Marks is deliberate and willful for the purpose of misleading and confusing the public about its association with EA, and to trade on the goodwill, reputation and fame of EA and its brand.

## V.    COUNT I
## TRADEMARK INFRINGEMENT – 15 U.S.C. §1114(1)(A)

29.    EA repeats and realleges each and every allegation contained within paragraphs 1-28 of this Complaint as though fully set forth herein.

30.    Despite EA's well-known prior rights in the Edible Arrangments Marks, Defendant has, without EA's consent, used and continues to use in commerce the Edible Arrangments Marks, or counterfeits, copies, reproductions or colorable imitations thereof in connection with the sale, offering for sale, distribution, and advertising of Defendant's goods and services.

31.    Defendant's actions constitute willful infringement of EA's exclusive rights in the Edible Arrangments Marks in violation of 15 U.S.C. §1114.

32.    Defendant's use of the Edible Arrangments Marks, counterfeits, copies, reproductions or colorable imitations thereof, has been and continues to be done with the intent to cause confusion, mistake and to deceive consumers concerning the source and/or sponsorship of Defendant's goods and services.

33.    As a direct and proximate result of Defendant's conduct, EA has suffered irreparable harm to the valuable Edible Arrangments Marks.  Unless

Defendant is restrained from further infringement of the Edible Arrangements Marks, EA will continue to be irreparably harmed.

34.    EA has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's conduct is allowed to continue.

## VI.    COUNT II
## FALSE   DESIGNATION   OF   ORIGIN   OR SPONSORSHIP AND UNFAIR COMPETITION – 15 U.S.C. §1125(A)

35.    EA repeats and realleges each and every allegation contained within paragraphs 1-34 of this Complaint as though fully set forth herein.

36.    Defendant has knowingly used and continues to use the Edible Arrangements Marks in commerce, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the goods and services that the Defendant advertises, promotes, and sells.  Defendant's actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

37.    Defendant's use of the Edible Arrangments Marks as alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant and EA and/or Defendant's goods and services and EA's goods and services, and is likely to cause such people to believe in error that Defendant's goods and services

have been authorized, sponsored, approved, endorsed, or licensed by EA or that the Defendant is in some way affiliated with EA.

38.   Defendant's acts constitute false designations of the origin and/or sponsorship of Defendant's goods and unfair competition in violation of 15 U.S.C. § 1125(a).

39.   As a direct and proximate result of Defendant's conduct, EA has suffered irreparable harm to the valuable Edible Arrangements Marks.  Unless Defendant is restrained from further infringement of the Edible Arrangements Marks, EA will continue to be irreparably harmed.

40.   EA has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's conduct is allowed to continue.

## VII.   COUNT III
## TRADEMARK DILUTION – 15 U.S.C. §1125(C)

41.   EA repeats and realleges each and every allegation contained within paragraphs 1-40 of this Complaint as though fully set forth herein.

42.   The Edible Arrangements Marks have become famous in the United States and worldwide as a result of their inherent and/or acquired distinctiveness, the duration and extent of their use, the geographical extent of the trading area for these marks, their channels of trade, their degree of recognition, and the extent of

their registration. The Edible Arrangements Marks were famous and distinctive prior to any use of the Infringing Marks by Defendant.

43.     Because the Edible Arrangements Goods have gained a reputation for superior quality, the Edible Arrangements Marks have gained substantial renown.

44.     Defendant has used and continues to use in commerce the Edible Arrangements Marks, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the advertisement, promotion, and sale of Defendant's products.

45.     Defendant's use of the Edible Arrangements Marks, or counterfeits, reproductions, copies, or colorable imitations thereof, is likely to cause, has caused, and continues to cause irreparable injury to and dilution of the distinctive quality of the Edible Arrangements Marks in violation of EA's rights under 15 U.S.C. § 1125(c).  Defendant's wrongful use of the Edible Arrangements Marks is likely to cause dilution by blurring, tarnishment, and whittling away the distinctiveness of the famous Edible Arrangements Marks.

46.     Defendant has used and continues to use in commerce the Edible Arrangements Marks, or counterfeits, reproductions, copies, or colorable imitations thereof, willfully and with the intent to dilute the Edible Arrangements Marks, and with the intent to trade on the reputation and goodwill of EA.

47.   As a direct and proximate result of Defendant's conduct, EA has suffered irreparable harm to the valuable Edible Arrangments Marks.  Unless Defendant is restrained from further infringement of the Edible Arrangements Marks, EA will continue to be irreparably harmed.

48.   EA has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's conduct is allowed to continue.

## VIII.  COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

49.   EA repeats and realleges each and every allegation contained within paragraphs 1-48 of this Complaint as though fully set forth herein.

50.   EA was the first to use the Edible Arrangements Marks or any mark similar thereto in association with the sale of any product or service.  As a result of the continued sale by EA of Edible Arrangements Goods bearing the Edible Arrangements Marks since approximately 1998, Edible Arrangements Marks have become widely known and EA has become identified in the public mind as the exclusive source of the goods to which the Edible Arrangements are applied.

51.   As a result of the experience and care of EA in producing the Edible Arrangements Goods, they have become widely known and have acquired a

reputation in the United States and worldwide for freshness and quality.  As such, the Edible Arrangements Marks are or have become distinctive.

52.   Defendant, with knowledge of and with intentional disregard of EA's rights, continue to advertise, promote, and sell goods and services using the Edible Arrangements Marks, or counterfeits, reproductions, copies, or colorable imitations thereof.  Such acts by the Defendant have caused and continue to cause confusion as to the source and/or sponsorship of Defendant's products.

53.   Defendant's acts constitute willful infringement of EA's exclusive rights in the Edible Arrangements Marks, in violation of the common law.

54.   As a direct and proximate result of Defendant's conduct, EA has suffered irreparable harm to the valuable Edible Arrangments Marks.   Unless Defendant is restrained from further infringement of the Edible Arrangements Marks, EA will continue to be irreparably harmed.

55.   EA has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's conduct is allowed to continue.

## IX.   COUNT V
## UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES IN VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT – Conn. Gen. Stat. 42-110b(a)

56.    EA repeats and realleges each and every allegation contained within paragraphs 1-55 of this Complaint as though fully set forth herein.

57.    By virtue of the conduct described herein, Defendant has engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduce of trade and commerce.

58.    Defendant's acts constitute unfair competition and unfair or deceptive business practices in violation of Conn. Gen. Stat. § 42-110b(a), *et seq*.

59.    As a direct and proximate result of Defendant's conduct, EA has suffered irreparable harm to the valuable Edible Arrangments Marks.  Unless Defendant is restrained from further infringement of the Edible Arrangements Marks, EA will continue to be irreparably harmed.

60.    EA has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's conduct is allowed to continue.

61.    As further result of the unfair or deceptive acts or practices of Provide Commerce, EA has suffered an ascertainable loss and is entitled to the recovery of

consequential and punitive damages and an award of attorneys' fees, pursuant to Conn. Gen. Stat. § 42-110g.

## X.    PRAYER FOR RELIEF

WHEREFORE, EA prays that this Court enter judgment against Defendant and in favor of EA on its claims as follows:

A.    A determination that the Defendant has violated 15 U.S.C. § 1125(a), that EA has been damaged by such violations, and that the Defendant is liable to EA for such violations;

B.    A determination that the Defendant has violated 15 U.S.C. § 1114(1)(a), that EA has been damaged by such violations, and that Defendant is liable to EA for such violations;

C.    A determination that the defendant has violated 15 U.S.C. § 1125(c), that EA has been damaged by such violations and that the Defendant is liable to EA for such violations;

D.    A determination that the Defendant has committed common law trademark infringement, that EA has been damaged by such infringement, and that Defendant is liable to EA for common law trademark infringement;

E.      A determination that the Defendant has violated Conn. Gen. Stat. § 42-110b(a), that EA has been damaged by such violations and that the Defendant is liable to EA for such violations;

F.      A determination that EA is entitled to consequential and punitive damages and attorneys' fees in accordance with Conn. Gen. Stat. § 42-110g;

G.      A determination that this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

H.      Under all claims for relief, that injunction be temporarily, preliminarily, and permanently issued enjoining Defendant, its employees, agents, successors and assigns, and all those in active concert and participation with it, and each of them who receives notice directly or otherwise of such injunctions, from:

(1)      imitating, copying, or making any unauthorized use of the Edible Arrangements Marks;

(2)      importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Edible Arrangements Marks;

(3)      using any false designation of origin or false description or performing any act which is likely to lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendant is in

18

any manner associated or connected with EA or is sold, manufactured, licensed, sponsored, approved or authorized by EA.

I.      For an Order directing that Defendant deliver for destruction all products, labels, badging, tags, signs, prints, packages, videos, adwords and advertisements in their possession or under their control, bearing or using the Edible Arrangements Marks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

J.      For an Order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendant is authorized by EA or related in any way to the Edible Arrangements Goods, including but not limited to use of search engine optimization technology and other technology that would circumvent the Orders prayed for hereunder;

K.      For an Order directing the Defendant and its agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon EA's counsel within thirty (30) days after entry of such judgment, a written report under oath, setting

forth in detail the manner and form in which they have complied with such judgment;

L.    For an Order permitting EA, and/or auditors of EA, to audit and inspect the books, records, and premises of the defendant and related corporations for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendant's past use of EA's intellectual property, including all manufacturing, distribution, and sales of products bearing any of the Edible Arrangements Marks, as well as the Defendant's compliance with the orders of this Court;

M.    For an award of EA's costs and disbursements incurred in this action, including EA's reasonable attorneys' fees;

N.    For an award of EA's damages trebled or, alternatively, an award of Defendant's wrongful profits trebled, whichever is greater, plus EA's costs and attorneys' fees, pursuant to 15 U.S.C. § 1117;

O.    For an award of EA's damages arising out of Defendant's acts;

P.    For an Order requiring Defendant to file with the Court and provide to EA an accounting of all sales and profits realized by Defendant through the use of the Edible Arrangements Marks and any counterfeits, reproductions, copies, or colorable imitations thereof;

Q.     For an award of interest, including pre-judgment interest on the foregoing sums;

R.     For such other and further relief as the Court may deem just and appropriate.


## XI.   DEMAND FOR JURY

Plaintiff, EA demands a trial by jury for all issues so triable.


Respectfully submitted,

WILLIAMS, WALSH & O'CONNOR, LLC

BY: */s/ Kevin P. Walsh*
KEVIN P. WALSH
Williams, Walsh & O'Connor, LLC
37 Broadway
North Haven, CT 06473
Tel:  (203) 234-6333 / Fax: (203) 234-6330
Email:  kwalsh@wwwolaw.com
Fed. Bar No.: ct02116

Dated:  February 28, 2014

*Attorney for Plaintiffs*