UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDIBLE ARRANGEMENTS, LLC, and : <br> EDIBLE ARRANGEMENTS : <br> INTERNATIONAL, LLC, : <br>     Plaintiffs, : <br> : <br> v. : <br> : <br> PROVIDE COMMERCE, INC., : <br>     Defendant. : | 3:14-CV-00250 (VLB) <br><br><br><br><br><br><br><br> March 24, 2015 |

**MEMORANDUM OF DECISION DENYING**
**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [Dkt. 51]**

I.  **Introduction**

The Plaintiffs, Edible Arrangements, LLC, and Edible Arrangements International, LLC, bring this action against Defendant Provide Commerce, Inc. alleging trademark infringement in violation of 15 U.S.C. § 1114(1)(A) (Count I); false designation of origin or sponsorship and unfair competition in violation of 15 U.S.C. § 1125(A) (Count II); trademark dilution in violation of 15 U.S.C. § 1125(C) (Count III); common law trademark infringement (Count IV); unfair competition and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. 42-110b(a) *et seq.* ("CUTPA") (Count V); and violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(D) ("ACPA") (Count VI).  Defendant has moved for judgment on the pleadings on Count VI, arguing that Plaintiffs' ACPA claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Rule 19.  For the reasons that follow, Defendants' Motion for Judgment on the Pleadings is DENIED.

II.     <u>Factual Background</u>

Unless otherwise noted, the following facts and allegations are taken from Plaintiffs' First Amended Complaint [Dkt. 32] and deemed to be true for the purpose of this Motion.

Plaintiff Edible Arrangements, LLC is a limited liability company organized under the laws of the State of Connecticut with its principal place of business at 95 Barnes Road, Wallingford, Connecticut.  [Dkt. 32 at ¶ 2.]  Plaintiff Edible Arrangements International, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business at the same address.  [*Id.* at ¶ 3.]  Plaintiffs allege that, both online and through over 1000 stores throughout the United States, they sell arrangements of fresh fruit sculpted into the shapes of flowers and arranged in containers that mimic floral bouquets, gourmet chocolate-dipped fruit, fruit salads, and other fruit-based products.  [*Id.* at ¶¶ 11–12.]  Defendant Provide Commerce, Inc. ("Provide Commerce") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 4840 Eastgate Mall, San Diego, California.  [*Id.* at ¶ 4.]  Provide Commerce is an online retailer that sells flowers, plants, gift baskets and fresh and chocolate-dipped fruit under multiple brands, including Shari's Berries.  [*Id.* at ¶ 17.]

Plaintiffs allege that Edible Arrangements, LLC owns multiple United States registrations for EDIBLE ARRANGEMENTS and EDIBLE ARRANGEMENTS and DESIGN, which it has licensed to Edible Arrangements International, LLC for use and sublicensing in connection with the sculpted fruit arrangements and

2

other fruit products it sells.  [*Id.* at ¶¶ 9–10.]  Plaintiffs also promote and sell products via the Internet at the website www.ediblearrangements.com.  [*Id.* at ¶ 12.]

In their First Amended Complaint, Plaintiffs allege that in 2010, and then again in 2014, Provide Commerce used Plaintiffs' EDIBLE ARRANGEMENTS trademark as a search engine keyword to trigger advertisements of Provide Commerce's brands, and also used Plaintiffs' mark and a confusingly similar mark in the body of Provide Commerce's Google advertisements as a description of the goods offered by Provide Commerce.  [*Id.* at ¶¶ 18–23.]  Because the Motion for Judgment before the Court does not seek to dismiss the claims based on these allegations, the Court will not elaborate upon them here.  For purposes of the current Motion, the relevant facts are as follows.

Plaintiffs allege that on or around February of 2014, Provide Commerce began using domain names that constituted common misspellings of Plaintiffs' website, to wit, www.ediblearragements.com and www.edibelarrangements.com (the "typosquatting domains").  [*Id.* at ¶ 24.]  Plaintiffs allege that consumers who inadvertently misspell Plaintiffs' URL when entering it into an internet browser are diverted to Provide Commerce's www.berries.com website.  [*Id.*]  Plaintiffs further allege upon information and belief that Provide Commerce has also registered other typosquatting domains that are confusingly similar to Plaintiffs' marks.[1]  [*Id.*]  Plaintiffs claim that Provide Commerce has "registered, trafficked in

---

[1] In their Opposition to Defendant's Motion for Judgment on the Pleadings, Plaintiffs represent that in May 2014, they learned of a third misspelled site that also rerouted to berries.com, spelled "ediblearangements.com." [Dkt. 63 at 4.]

3

and used" these typosquatting domains with the intent and purpose of diverting consumers and business away from Plaintiffs.  [*Id.* at ¶¶ 64–67.]

According to the briefings filed by the parties, the typosquatting domains appear to be registered through two privacy services companies, Whois Privacy Services Pty Ltd. ("Whois Privacy Services") and Fundacion Private Whois ("Fundacion"), which shield the identity of the domain name registrant.  [*See* Dkt. 52 at 6; Dkt. 63 at 4 and Exs. 2–4.]  As a result, at this stage in the litigation the true owner of each of these typosquatting domains remains unknown.  [Dkt. 63 at 2.]  However, Provide Commerce denies ownership, control, involvement or awareness of the domain names, or any domain names similar to Plaintiffs' website URL.  [Dkt. 35 at ¶ 24; Dkt. 55 at ¶¶ 4–12.]  Provide Commerce also denies it had any knowledge of the redirection of traffic from those domains to its website before Plaintiffs filed their First Amended Complaint.  [Dkt. 55 at ¶¶ 16–17.]  Based on these denials, Provide Commerce now moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the grounds that the actual domain name registrant(s) and the two privacy services are necessary parties pursuant to Fed. R. Civ. P. 19.

III.   <u>Standard of Review</u>

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  When a Rule 12(c) motion is used by the defendant as a vehicle for raising certain procedural defects, the district court will apply the same standards for granting the appropriate relief or denying the motion as it

4

would have employed had the motion been brought prior to the defendant's answer under Rule 12(b).  *See* 5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1367, at 218 (3d ed. 2004); *see, e.g.*, *U.S. ex rel. Phipps v. Comprehensive Community Dev. Corp.*, 152 F. Supp. 2d 443, 450–49 (S.D.N.Y. 2001); *Marceline v. Town of Darien*, 974 F. Supp. 2d 123, 128 (D. Conn. 2013).  Thus, where a motion for judgment under Rule 12(c) is based on the failure to join a necessary party, the motion will be treated like a motion to dismiss under Rule 12(b)(7).  *See, e.g.*, *Roh v. Devack*, 3:07-CV-1901 CSH, 2010 WL 5069874, at *2 (D. Conn. Dec. 3, 2010).

Pursuant to Rule 12(b)(7), a district court may dismiss a complaint for failure to join a required party under Rule 19, which governs joinder of persons needed for just adjudication.  Fed. R. Civ. P. 12(b)(7); *see, e.g.*, *Known Litig. Holdings, LLC v. Navigators Ins. Co.*, 934 F. Supp. 2d 409, 414–15 (D. Conn. 2013).  In considering a motion to dismiss pursuant to Rule 19, the Court first determines whether an absent party is "necessary" under Rule 19(a), and then undertakes a Rule 19(b) analysis as to whether the party is also "indispensable" such that dismissal would be required in that party's absence.  *Id.* at 415.

Upon review of a Rule 12(b)(7) motion, like any motion under Rules 12(b) or 12(c), the court is required to accept all factual allegations in the complaint as true and to draw inferences in favor of the non-moving party.  5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1359 (3d ed. 2004); *see, e.g.*, *Tross v. Ritz Carlton Hotel Co., LLC*, 928 F. Supp. 2d 498, 507, n. 2 (D. Conn. 2013); *Dumann Realty, LLC v. Faust*, 267 F.R.D. 101, 101 n. 1 (S.D.N.Y. 2010).  The district judge is not limited to the pleadings when reviewing a 12(b)(7) motion, *see, e.g.*, *Holland v.*

5

*Fahnestock & Co., Inc.*, 210 F.R.D. 487, 495 (S.D.N.Y. 2002) (collecting cases), and the court can deny the motion when there is insufficient or contradictory evidence concerning whether a party is a necessary party within the meaning of Rule 19(a).  See, e.g., *Nanjing Textiles IMP/EXP Corp., Ltd. v. NCC Sportswear Corp.*, 06 CIV. 52 (JGK), 2006 WL 2337186, at *8 (S.D.N.Y. Aug. 11, 2006); *S&S Mach. Corp. v. Gen. Motors Corp.*, 93 CIV. 3237 (CSH), 1994 WL 529867, at *4 (S.D.N.Y. Sept. 28, 1994).

IV.   Discussion

The Court begins with the threshold question in any motion for judgment or motion to dismiss for failure to join a party under Rule 19, which is whether that party is "necessary" under Rule 19(a).  A party is necessary under Rule 19(a) and must be joined if:

> (A) in that person's absence, the court cannot accord
> complete relief among existing parties; or (B) that person
> claims an interest relating to the subject of the action and
> is so situated that disposing of the action in the person's
> absence may: (i) as a practical matter impair or impede
> the person's ability to protect the interest; or (ii) leave an
> existing party subject to a substantial risk of incurring
> double, multiple, or otherwise inconsistent obligations
> because of the interest.

Fed. R. Civ. P. 19(a).  This threshold determination by the Court "must be based on the state of the pleadings at the time the motion is brought.  *Royal Ins. Co. of Am. v. Caleb V. Smith & Son, Inc.*, 3:90CV651(WWE), 1997 WL 835058, at *1 (D. Conn. June 16, 1997) (citing *Associated Dry Goods v. Towers Fin. Corp.,* 920 F.2d 1121, 1124 (2d Cir. 1990)).

6

**Defendant argues that Whois Privacy Services, Fundacion, and the unknown domain name registrant(s) are necessary parties under Rule 19(a) because the Court cannot accord complete relief to Plaintiffs in these parties' absence, and because the absent parties "claim an interest" in the subject of the action. [Dkt. 52 at 10–11.] In support of this claim, Defendant points to the fact that Plaintiffs seek an order enjoining Defendant from,** *inter alia*, **registering, using, transferring, selling, conveying or assigning to any individual or entity other than Plaintiffs any typosquatting domains, as well as an order directing Defendant to transfer to Plaintiffs its typosquatting domain registrations, and any other domain names that use names, words, designations, or other symbols confusingly similar to Plaintiffs' marks. [Dkt. 32 at XI.J; I(4)-(5).] In essence, Defendant's argument is that Plaintiffs have sued the wrong party: Provide Commerce denies that it registered, owns or controls the typosquatting domains, claims that the domains are not in Provide Commerce's possession, and asserts that as a result, Provide Commerce cannot transfer the domain names to Plaintiffs and thus cannot furnish "complete relief" to Plaintiff. [Dkt. 52 at 11.] Alternatively, Provide Commerce claims that "transferring away" control of the typosquatting domain names would affect the interests of the absent parties. [***Id.***]**

**Defendant's argument misapprehends both the current procedural posture of this case and the definition of a "necessary party" as that term is interpreted under Rule 19. On a motion for judgment on the pleadings, the Court is required to accept Plaintiffs' well-pled allegations as true, and Plaintiffs have put forth sufficient factual content to support their claim that Defendant, whether through**

7

or with other parties, acquired the use of and profited from the typosquatting domains.  In this procedural posture, the only inference the Court may properly draw from Defendant's denial of these allegations is that there are disputed issues of fact regarding the Defendant's relationships to the proposed parties that must be resolved before its motion for joinder could be granted.  For example, as Plaintiffs point out, if through discovery it becomes apparent that the true owner of the typosquatting domains registered the domain names on behalf of Provide Commerce, this domain name registrant would be considered an agent and would not be a necessary party under Rule 19.  *See, e.g.*, *Direct Energy Mktg. Ltd. v. Duke/Louis Dreyfus, LLC*, 50 Fed. Appx. 469, 472 (2d Cir. 2002) (holding that an agent is not a necessary party when one sues a principal).  Likewise, if it is determined that the privacy services and/or domain name registrant(s) participated *with* Defendant in the infringement of Plaintiffs' mark under the ACPA—which imposes liability on both the domain name registrant and the registrant's authorized licensee, *see* 15 U.S.C. § 1125(d)(1)(D)—the proposed parties would be jointly and severally liable for the infringement, and Plaintiffs would not be required to join them to this action.  *See, e.g.*, *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 358 (2d Cir. 2000) (holding that a plaintiff is not required to join all infringers in a single action).  As the Second Circuit has noted, "[a] party is necessary under Rule 19(a)(1) only if in that party's absence 'complete relief cannot be accorded *among those already parties.*'" *Mastercard Int'l Inc. v. Visa Int'l Service Ass'n Inc.*, 471 F.3d 377, 385 (2d. Cir. 2006) (emphasis added).  Taking the facts alleged in the Complaint as true,

8

Plaintiffs can obtain complete relief *as to Provide Commerce* without bringing in any other parties, even if Plaintiffs must ultimately pursue additional litigation against others to obtain all the relief Plaintiffs seek in this matter.

In sum, an analysis of whether Whois Privacy Services, Fundacion, and the unknown domain name registrant(s) are necessary parties requires the determination of Defendant's relationships (or lackthereof) to those parties. Accepting Plaintiffs' allegations as true, these relationships do not bear any of the indicia of a "necessary party" as that term is construed by Rule 19, and the Court cannot make a determination otherwise based on Defendants' contrary assertions. Furthermore, where a party does not qualify as necessary under Rule 19(a), the Court need not decide whether its absence warrants dismissal under Rule 19(b). *See Viacom Int'l v. Kearney,* 212 F.3d 721, 724 (2d Cir. 2000).

Accordingly, Defendant's Motion is denied. Contrary to Defendant's position that no more can be done to prove the nonexistence of a legally significant relationship with the absent parties, the Court trusts that discovery will uncover the nature of Defendant's relationship to both the privacy services and the true registrant(s) of the typosquatting domains.

V.  Conclusion

For the foregoing reasons, Defendant's [Dkt. 51] Motion for Judgment on the Pleadings is DENIED.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: March 24, 2015

9